IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Denise L. Brown,                       ) | Civil Action No.: 6:13-2939-BHH |
|                                Plaintiff,      ) | |
| v.                                            ) | **OPINION AND ORDER** |
| Carolyn W. Colvin,                  ) <br> Acting Commissioner of Social  ) <br> Security,                                 ) | |
|                               Defendant.    ) <br> _____) | |

The plaintiff, Denise L. Brown ("the plaintiff"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSI") under Titles II and XVI of the Social Security Act. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling. On January 30, 2015, the magistrate judge issued a Report and Recommendation in which he determined that the Commissioner's decision was based on substantial evidence. Accordingly, the magistrate judge recommended affirming the Commissioner's decision. (ECF No. 25.) The plaintiff filed Objections on February 17, 2015 (ECF No. 27), and on March 3, 2015, the Commissioner filed a Reply (ECF No. 28). For the reasons stated below, the Court adopts the Report and Recommendation and affirms the Commissioner's decision.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part. The plaintiff was 46 years old on the date of the ALJ's decision, attended one year of college, and has past relevant work experience as a school bus driver and truck driver. (R. at 34, 35, 201, 208, 225.) The plaintiff's applications were denied initially and on reconsideration. (R. at 86, 87, 90, 91.) A hearing was held before an ALJ who issued an unfavorable decision dated September 6, 2012, finding that the plaintiff was not disabled within the meaning of the Act. (R. at 9-23.) The Appeals Council denied the plaintiff's request for review (R. at 1-5), making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently filed an action in this Court on October 7, 2013 (ECF No. 1).

**REPORT AND RECOMMENDATION**

The magistrate judge recommends affirming the ALJ's decision. (ECF No. 25 at 42.) The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge

as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir.1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968).

3

Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).  As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action."  *Id.* at 279.  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational."  *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

The plaintiff filed objections to the Report and Recommendation ("Objections") on February 17, 2015 (ECF No. 27), and the Commissioner filed a non-substantive reply on March 3, 2015 (ECF No. 28).  The plaintiff objects to the magistrate judge's recommendation concerning (1) the weight given to the plaintiff's treating physician; (2) the ALJ's credibility analysis; (3) the ALJ's severe impairments determinations; and (4) the Residual Functional Capacity assessment.  The Court has considered each specific objection fully and found them without effect.[1]

The plaintiff first objects to the magistrate judge's recommendation that the ALJ properly supported the weight accorded to treating physician, Dr. Joseph Benich.  The plaintiff contends that the only basis cited by the ALJ for diminishing the weight given Dr.

---

[1] As always, the Court says only what is necessary to address such objections against the already meaningful backdrop of a thorough Report of the magistrate judge, incorporated entirely by specific reference, herein, to the degree not inconsistent.  Exhaustive recitation of law and fact exists there.

Benich's opinion was a lack of formal diagnosis.  (See R. at 20.)  And, while such a basis was included, the plaintiff herself admits, by virtue of her own arguments, that this observation of a want of diagnosis was made in specific contrast to the ALJ's more generalized view that the opinion of Dr. Benich was, therefore, based on the subjective complaints of the plaintiff, which he found less than credible.  That is literally what the ALJ says:  "Without a diagnosis, the physician is relying on the claimant's subjective complaints and limitations in completing the forms."  *Id.*

First, the Court is comfortable that the lack of diagnosis can be some consideration. *See Bass v. McMahon*, 499 F.3d 506, 510 (6th Cir. 2007).  Second, it was not the only basis, as stated.  The ALJ found that the opinion was based largely on subjective complaints and detailed them extensively; the record is full of seizure and tremor and headache symptoms which the plaintiff *told* her physicians but which were not observed. (R. at 16-17.)  Dr. Benich himself said there were no diagnoses to support the plaintiff's alleged symptoms which she alleged.  (R. at 17, 489.)  The plaintiff reemphasizes that her symptoms, particularly her tremors, lack of physical coordination, hearing loss, dystonia, and vertigo, were observed and recorded on multiple occasions by at least six different physicians, including the consultative examiner selected by the defendant. (See R at 292-294, 290, 287-288, 374-375, 359-363, 354-355, 394, 336-337, 314-316.)  That is not the same as Dr. Benich observing them, specifically.  And, as the defendant contends, the fact that such symptoms were recorded by the physicians does not convert them from subjective complaints to objective clinical or medical evidence.  *See Craig v. Chater*, 76 F.3d 585, 590 n.2 (4th Cir. 1996).

Moreover, the Court is of the view that the ALJ said much more about the general

5

quality of Dr. Benich's opinion throughout. (R. at 15-20.) The paragraph at page 12 of the administrative decision follows nearly five pages in which Dr. Benich's opinion was described and discussed. The concluding paragraph concerning the weight given, therefore, while a kind of apparent island of rationale, is really the last of a galapagosed chain of reasons. The Court has recently been emphasizing this point. The ALJ's rationale need not be all neatly collected proximate to any particular conclusion. If, as here, the ALJ in total has thoroughly discussed the value of an opinion, expressly and impliedly, the Court will not be persuaded by a kind of gerrymandering of the opinion around a particular paragraph or string of sentences.

There is no error in the ALJ's consideration of the treating source opinion.

The remainder of the plaintiff's objections have been specifically considered *de novo* by the Court and either (1) fail to allege how the outcome of the decision would have been different; (2) lack record support; (3) are duplicative exactly of arguments already raised and adequately addressed by the recommendation; or (4) rely on evidence that, even where true, does not affect the view of the evidence, relied upon by the ALJ, as substantial. Much of the plaintiff's argument accuses the defendant and the magistrate judge of aggrandizing the basis relied upon the by the ALJ, a kind of accusation in post-hoc. For similar reasons as cited above, the Court believes the plaintiff is taking too narrow view of how the ALJ's decision should be read to have considered the evidence. The Court is satisfied that in all respects the findings are based on substantial evidence.

## **CONCLUSION**

The Court has carefully reviewed the record, including the findings of the ALJ, the

plaintiff's objections to the Report and Recommendation, and the defendant's reply.  The Court concurs in the recommendation of the Magistrate Judge and thus adopts the Report and Recommendation and incorporates it herein by reference to the extent it is consistent with this order.  The decision of the Commissioner to deny benefits is AFFIRMED.

IT IS SO ORDERED.

                                                /s/Bruce Howe Hendricks
                                                United States District Judge

March 13, 2015
Greenville, South Carolina